UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEROME M. THOMAS** | : | **DOCKET NO. 2:14-cv-610** |
| D.O.C. # 339187 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **N. BURL CAIN** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C § 2254, filed pro se by Jerome M. Thomas ("petitioner") [doc 1]. The petitioner is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated at the Louisiana State Penitentiary at Angola. N. Burl Cain ("respondent"), warden, has responded [doc. 14].

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMENDED** that the application be **DENIED** and that the petition be **DISMISSED WITH PREJUDICE.**

### I.
#### BACKGROUND

*A. Conviction*

The petitioner was indicted on one count of attempted first degree murder and one count of attempted armed robbery. Doc. 14, att. 2, p. 44. The charges related to his involvement in the December 6, 2004, incident outside of a restaurant. *State v. Thomas*, 54 So.3d 1268, 1270–71 (La Ct. App. 3d Cir. 2011). On September 8, 2009, he was convicted on both charges by a jury sitting in the 14th Judicial District, Calcasieu Parish, Louisiana. Doc. 14, att. 3, pp. 59, 61. He was

sentenced on November 13, 2009, to eighty years of imprisonment for each count, to be served concurrently. Doc. 14, att. 2, p. 43.

### B. Direct Appeal

The petitioner appealed his conviction and sentence to the Third Circuit Court of Appeal, which affirmed his conviction and sentence on February 2, 2011. *Thomas*, 54 So.3d at 1269–74. He then filed a writ of certiorari to the Louisiana Supreme Court, which denied same on September 23, 2011. *State v. Thomas*, 69 So.3d 1157 (La. 2011). It does not appear that he sought review in the United States Supreme Court. *See* Doc. 1, p. 3.

### C. State Collateral Review and Habeas Petition

The petitioner declared that he gave his completed application for post-conviction relief to a prison official for mailing on December 4, 2012. Doc. 1, att. 3, p. 62. This application was marked as filed with the 14th Judicial District on December 12, 2012, and subsequently denied by the trial court. *Id.* at 36, 70–71. The petitioner then sought review with the Third Circuit, which denied same on June 26, 2013. *Id.* at 99. His application to the Louisiana Supreme Court for supervisory and/or remedial writs was likewise denied on February 21, 2014. *Id.* at 101.

The petitioner then filed the instant application for a writ of habeas corpus to this court. Doc. 1. In it he renews claims from his direct appeal and state application for post-conviction relief.[1] He declares at the end of the petition that it was placed in the prison mailing system on March 17, 2014. Doc. 1, p. 15. Stamps indicate that it was received, scanned, and emailed by the prison Legal Services Program on March 19, 2014, which matches with the date of filing recorded by this court. *Id.* at 16.

---

[1] The petitioner renews insufficiency of evidence and erroneous admission of an in-court identification claims from his direct appeal and claims of ineffective assistance of counsel and erroneous denial by the trial court of his right to select his own trial counsel from his post-conviction relief proceedings. Doc. 1, att. 2, pp. 12–26.

## II.
## LAW & ANALYSIS

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Mayle v. Felix*, 545 U.S. 644, 644 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

Here the petitioner's conviction became final on **December 22, 2011**, 90 days after denial of review from the Louisiana Supreme Court, when his time for seeking a writ of certiorari from the United States Supreme Court expired. *Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2003). His state application for post-conviction relief was received by the 14th Judicial District on December 12, 2012. However, an application by an inmate is considered filed when it is placed in

the hands of prison authorities. *Houston v. Lack*, 108 S.Ct. 2379, 2385 (1988). Therefore the proper date of filing for this application was **December 4, 2012**, meaning that 348 days were counted towards the one-year limit. The clock was then tolled until the Louisiana Supreme Court's denial of review on **February 21, 2014**. An additional 24 days accrued until the instant application was filed by placing it in the prison mailing system on **March 17, 2014**. Therefore **372 days** have passed against the one year limit.

Here the respondent properly raised the issue, setting out the petition's violation of § 2244(d)'s limitations period as an affirmative defense in the response. Doc. 14, att. 1; *see* FED. R. CIV. P. 8(c). The petitioner could have filed a reply at that point, establishing grounds for tolling or some basis for changing the date on which the statutory period commenced. However, no reply has been filed and the time for doing so has long passed.[2] Therefore this court has no basis for excusing the petitioner's failure to comply with the time limits of § 2244(d).[3] Accordingly, the petition must be denied as untimely.

### III.
### CONCLUSION

Accordingly, **IT IS RECOMMENDED** that the instant application be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[2] The response was filed on November 9, 2015. Doc. 14. The petitioner thus had until November 29, 2015, to file a reply. Doc. 10, p. 4.

[3] The Supreme Court holds that a state habeas petitioner is entitled to equitable tolling of § 2244(d)'s limit upon a showing that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations omitted). It is the petitioner's burden to establish that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g,* 223 F.3d 797 (5th Cir. 2000).

In his supporting memorandum to the instant application, the petitioner mentions that he received notice of the Louisiana Supreme Court's decision on his application for post-conviction relief on February 25, 2014, four days after the decision was entered. Doc. 1, att. 2, p. 9. Beside the fact that this delay is too small to make the petition timely, it would not justify equitable tolling of § 2244(d)'s limitation period. What appears to be a normal mailing delay would not suffice as an "extraordinary circumstance" under *Holland*. Furthermore, given the long delays between filings, there is no basis for determining that the petitioner has otherwise been pursuing his rights diligently.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 19th day of January, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE